

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 10, 1952

Hon. Marshall Harvey, D.S.C.
Secretary-Treasurer
Texas State Board of Chiropody Examiners
1121 19th Street
Lubbock, Texas          Opinion No. V-1434

Re:  Eligibility of holders of
     certificates of preliminary
     education, issued prior to
     the 1951 revision of pre-
     liminary education require-
     ments, to take future exami-
Dear Sir:          nations to practice chiropody.

Your request for an opinion of this office
reads in part as follows:

"For the past several years this
Board has had a rule that one must first
obtain a Certificate of Preliminary Edu-
cation prior to making application to
take the Board's examination to obtain a
license to practice Chiropody in this
State.  These pre-education requirements
are set forth in Article 4570, V.C.S.,
1939.

"In revision of the same Article by
the Fifty Second Legislature, 1951, the
pre-education requirements were raised
to include at least thirty hours from a
college of Arts and Sciences in addition
to high school education.  The revised
Article became effective immediately
after the Governor's signature on May 3,
1951.  At the close of the revised Arti-
cle it is stated 'The provisions of this
Article shall not affect students now
enrolled in recognized schools or col-
leges of chiropody, or for a period of
one (1) year from date of this Act be-
coming law.'

"This Board meets each January and June to examine candidates for license and conduct other business.  The next meeting dates are set for June 24-27, 1952 in Austin, Texas.

"QUESTION:

"Would those holders of Qualifying Certificates of Preliminary Education (high school only) whose certificates were issued prior to revision of Article 4570, be eligible to apply to take the examination for license at the above mentioned, or any other subsequent regular examination held by this Board?"

Article 4570, V.C.S., provides:

"All applicants for license to practice chiropody in this State, not otherwise licensed under the provisions of law, shall present satisfactory evidence to the State Board of Chiropody Examiners that such applicants have attained the age of twenty-one (21) years, are of good moral character and are free of all contagious and communicable diseases, and furnish a certified certificate of health to that effect, and are citizens of the United States of America, and who are graduates of a recognized high school with credits sufficient and acceptable to enter the state university of the state in which the high school graduation was attained, or the University of Texas, without condition toward a Bachelor's Degree, and the applicant shall have completed at least thirty (30) semester hours of college courses acceptable at the time same was completed, for credit on a Bachelor's Degree at the University of Texas, and shall present satisfactory evidence of graduation from a bona fide reputable school of chiropody in the form of a diploma which has conferred the degree of Doctor of Surgical Chiropody.  Such chiropody schools may be considered reputable, within the meaning of this Act, whose course of instruction shall embrace at least four (4)

terms of at least eight (8) months each,
and which meets the approval of the State
Board of Chiropody Examiners. All educa-
tional attainments or credits for evalua-
tion within the meaning of this Act, or
applicable under this law, shall have
been completed within the geographical
boundaries of the United States, and no
educational credits attained in any for-
eign country that are not acceptable to
the University of Texas toward a Bache-
lor's Degree, shall be acceptable to the
State Board of Chiropody Examiners. Can-
didates for a license to practice chiro-
pody in Texas shall make an application,
in writing, on a form prescribed by the
Board, and all credits and information
verified by affidavit contained in the
form. <u>The provisions of this Article
shall not affect students now enrolled
in recognized schools or colleges of
chiropody, or for a period of one (1)
year from the date of this Act becoming
law.</u>" (Emphasis added.)

The underlined part of the article ex-
empts two classes of applicants from its provi-
sions; namely, those students who were enrolled in
recognized schools or colleges of chiropody on the
effective date of the act (May 3, 1951), and those
who, although not in school on the effective date
of the act, take the examination within a year from
May 3, 1951. As to the first class, there is no
time limit and those applicants who were enrolled
in a recognized school or college on May 3, 1951, and
who are qualified under the law as it existed prior
to the amendment are eligible to apply for examina-
tion in June of 1952 or any subsequent date.

Applicants other than the students in
this first class are not eligible to take the exami-
nation in June 1952, or at any subsequent date unless
they meet the requirements of the present statute,
even though they may have been issued Certificates
of Preliminary Education prior to the effective date
of the 1951 amendment, since the one year during which
the second class of exempt applicants would be eli-
gible to take the examination expires on May 3, 1952.
It follows that a person holding a certificate based

on high school training only will not be eligible to take examinations given by the Board after May 3, 1952, unless he was enrolled as a student in a recognized school or college of chiropody on May 3, 1951.

## SUMMARY

Applicants who were enrolled in a recognized school or college of chiropody on May 3, 1951, and who are qualified under the law as it existed on that date are eligible to take the examination given by the Texas State Board of Chiropody Examiners in June, 1952, or at any subsequent date on which the examinations are held. Applicants who were not enrolled in a recognized school or college of chiropody on May 3, 1951 are not eligible to take the examination given by the Board in June, 1952, or at any subsequent time unless they meet the requirements of the present statute, even though they hold Certificates of Preliminary Education issued prior to May 3, 1951.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary Kate Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mh

PRICE DANIEL
Attorney General

By _Bruce Allen_
Bruce Allen
    Assistant